The next case today, number 221541, United States v. Carlos Cruz-Rivera. Counsel for the appellant, please introduce yourself on the record to begin. Good morning, may it please the court. Counsel Johnny Rivera-Gonzalez on behalf of appellant Carlos Cruz-Rivera. In this case, we believe that the compassionate relief should be granted because the district court abused its discretion. Why the district court abuses discretion? In simple terms, this case, at one part, the court issued a ruling denying the compassionate relief request. The case came to this court and this court remanded the case to be considered under the case of Rubalcaba. Instead of employing the ruling of Rubalcaba to decide this meritorious relief claim, the court went and neglected and disregarded the command and order and judgment of this court and again denied appellant's compassionate relief request. Excuse me, our court ordered the district court to consider it. Yes ma'am. And the court, the district court ordered briefing on the issue. That is correct. In its ruling, the court said it had considered all of the briefing. It had considered the Rubalcaba case. It had considered the Rubalcaba issue and nevertheless exercised its discretion to  That is correct ma'am. But he didn't make a single finding to give us some light on where, what was the court considering. It simply denied the request for compassionate release in this case. Well we have case law that says that we can infer the court's reasoning by looking at the arguments presented. Why wouldn't we simply infer that the government thought, I mean that the court thought the government had the better side of this argument. Your honor, one thing is to infer and how far are we going to go in inferring what the district court had in its mind. Especially when we have a case like Rubalcaba, which is a marvelous case that found that in non-retroactive or prospective legal determinations could be considered specifically extraordinary and compelling reasons to grant in this case the meritorious. We didn't say that there's always an extraordinary circumstance though in Rubalcaba. No, no, you didn't say so.  So the question here is, should we understand the district court to be under the, what misimpression did the district court have in your view? Your honor, the problem in this case is that when the court of appeals comes and tells the court, this isn't considered this case, the judge should have considered the case and the facts applicable in the case. Yeah, but so it's a little bit of a funny circumstance. I mean on the one hand, district court takes broad view, I can't look at that at all. Then we come along and say, well sometimes you can. Mm-hmm. Okay. Then he looks at it, district court then looks at it. So what makes you think that the district court, when the district court looked at it, was under the misimpression that sometimes you can look at it, but you don't always have to? That's exactly why I'm saying it, your honor. Well what leads you to think the district court misunderstood Rubalcaba? What is the basis for that conclusion? My basis is that there are no findings specifically made by the court. Right, but we sometimes infer what the district court's basis for its reasoning was. And why would we infer here that it didn't know that it could sometimes consider a non-retroactive legal rule when we sent it back and said, look at Rubalcaba, which said you sometimes can. And then he has the hearing. What am I supposed to do with Rubalcaba? Everybody gives him their briefs. Was there something in the government's brief that misstated Rubalcaba's rule? It is my feeling, your honor, that anything that ameliorates the disparate impact that has the stalking on their 924C, like in this case, it goes into abuse of discretion. Because the court should have taken the time to explain its ruling, particularly when you have a brief. That's a separate point. We do have a rule. Maybe you have to adequately explain yourself. I don't know quite how that works in the compassionate release context. But we say you can infer reasons. So that's a separate point from that it misapprehended Rubalcaba. I thought your argument was that it violated the rule of Rubalcaba because it applied the wrong legal standard. That seems like a different point than it didn't explain itself. Well, your honor, these are two points. One thing is Rubalcaba. And the other one is for the court to make specifically a particular finding, of course. I compare the compassionate release. If you look at all the factors specifically on the 3553A in regular sentencing, the court of appeals, it goes to the monotonous side, telling the court you have to at least tell us how you reached that decision. In this case, we don't know where. We are blind. We don't know what the court is thinking. We don't know how the court achieved that ruling. Counsel, let's come at it differently. The court ordered a briefing. And everybody complied with the court's order and submitted a briefing. What was the deficiency in the government's brief that you think is contrary to Rubalcaba? Yes, your honor. First of all, in Rubalcaba, we have the concurrence held. We have a case where certainly the stalking of the 924C creates a disparity in sentencing, an overwhelming disparity in sentencing. When we fall into the equity side of the Rubalcaba decision, we believe that the court should have entered into the grounds of why it was denying it. That's a slightly different point, and maybe a good point. But Judge Thompson's question is, since we have a request from the district court to brief the Rubalcaba issue, and then we have the district court's judgment without further I think the district court says there was no extraordinary circumstance, correct? That is correct, your honor. So it's not as if the district court said, there is one, or I'm assuming there is one, but as a discretionary matter, I deny. District court, we know, thought there was a legal barrier to even getting to that exercise of discretion because it concludes there's no extraordinary circumstance. What in the government's brief, at any point, gave a reason for reaching that conclusion that's inconsistent with Rubalcaba? Is there anything in the government's brief below that misstated the standard after Rubalcaba for understanding what an extraordinary circumstance is so that when the district court doesn't say why, comes to that conclusion, just enters that order following the government's brief, we could say, well, for all we know, it relied on this passage of the government's brief. That's a misstatement of Rubalcaba, so it could have been legal error. Is there such a passage in the government's brief? My understanding, when I read the government's motion, in particular in this case, is that it falls into the old before, because we don't have some guidance from the U.S. Sentencing Commission yet because it didn't have quorum yet. So it falls into the old classic way. You have these policies, and I believe when you look at the government's brief... But their briefing after Rubalcaba came down, they weren't relying on the old policy statement. They were saying under Rubalcaba, as I read it, you have to look at the individualized circumstances, there's no per se bar against relying on a non-retroactive legal change. So what was wrong with what the government was saying? Well, the position, Your Honor, is in this case that when you look at Rubalcaba, you can say that the court didn't find that there were compelling reasons. But my position is, and has always been, contrary to the government, is that the stacking, even though it was legal at the time when it was imposed, now may be considered a compelling reason, Your Honor. Is that because of the length of the effect of the stacking here? Yes, Your Honor. I'm talking about the effect of the stacking, the effect of the stacking. And did the government suggest in their briefing that the length of the time affected by the stacking alone is not enough to be an extraordinary circumstance? It didn't actually address that issue in particular, Your Honor. That's why I'm here, because the problem is that the stocking in this case... So the argument would be, you argued, given how big the effect of the stacking was, that's an extraordinary circumstance. That is correct. You read Rubalcaba to say that can be an extraordinary circumstance. Yes, Your Honor. And there's no indication that the district court knew that or had that understanding of Rubalcaba in finding that there was no extraordinary circumstance. That is correct. And even if the court considered the horrendous facts, relevant facts in this case... Exactly. But we have to remember also, if the court grants me a second, that when the guidelines were applied in this case, all those factors were considered before the sentence was imposed. So it would be unjustly unfair, okay, to permit this case to continue, especially when we are... I'm not asking for the release of my client, because my client will still have to serve. So over 37 years, if the meritorious compassion release motion is granted.  And he's 50 years right now, Your Honor.  Thank you. Thank you, counsel. Will attorney for Appley please come up and introduce yourself on the record to begin? May it please the court, Thomas Comper on behalf of the United States. In this case, the government's argument is that the court did not abuse its discretion or did not actually legal error in its determination in this case. What happened was, as Chief Judge Barron has indicated and Judge Thompson, in this case the court ordered the parties after there was already one appeal in this case where the court, at the time the law had not changed, Rubalcaba comes out. And then 20, in appeal number 20-1720, the court ordered the parties to remand it back and consider Rubalcaba. In this case, the court directed the parties actually on two separate occasions to address Rubalcaba. And here, brother counsel, has not indicated that it misstated, the government misstated the law. In this case, the government argued that the court could consider retroactive amendments to the law as required under the law. The only thing, if I'm reading the brief, I thought the government kept saying, in the individual circumstances. Right. And does that include, does that, because that's a little ambiguous, potentially, in the following respect. One reading of that is, put aside what the person did. The individual circumstances is how big an effect did the retroactive legal rule have on the sentence. So if it made it much, much longer, it would be much shorter under the, if they got the benefit of the non-retroactive legal change. That might be an extraordinary circumstance. But the other way to read that individual circumstance is you have to look at every single thing, and in light of the nature of the conduct, even if there's that huge disparity, is it then an extraordinary circumstance? And those are two different ideas. I'm not sure the second one is correct under Rubalcaba. And it wasn't entirely clear to me which of those two the government meant when it said you had to consider individual circumstances. Well, I take it as being that you have to look like McCoy. What you look as the government, or excuse me, what can be, what they state is, may consider the, let's say in this case, the stacking provision in conjunction with other factors in order to make a determination. In this case, length of sentence, other factors like disparity and other things like McCoy, I think, is what the government's position. And what about the seriousness of the conduct, et cetera? And that's part of it, too. For the extraordinary circumstance analysis? In the analysis, yes. And does that have to be considered in it? No, I think the court has the discretion to consider in this case the change in the law and then other factors. I guess the main thing is, in a case in which there's serious conduct, but the effect of the stacking rule is to create a significant effect on the sentence, can it be an extraordinary circumstance that there is that significant an effect on the sentence? I don't think by itself it could be, Your Honor. Even when you say by itself? When I say by itself... What do you mean by itself? When I say by itself, the stacking provision in itself... I didn't say that. When the stacking provision has a significant impact on the length of the sentence, can it then be an extraordinary circumstance? Just that? I do not think so. Right, and I read your brief to maybe say that same thing, right? Right. Yeah, but if that's wrong, then we have a problem because the district court relied, as we get the case, we have to understand the district court to have relied on the brief. Right, but in this case... So why is that right? Why is... Let's say the stacking effect has, you know, 80 years. So it's significant conduct, but the difference between non-retroactive applying and not is that big a difference. Why wouldn't that be an extraordinary circumstance? Potentially. I mean, it just doesn't mean you get the relief. But in terms of could it be, is Rubicaba clear that's not enough? I take it is. I think other than you even wrote in your concurring opinion, where you write down, okay, in deciding this, Rubicaba, you agreed with it. But then when you look at the other parts, it says, well, in addition to another factor, I take it as being from your concurring opinion. So in this case, I do not think that... But that was an example of where there was a massive effect of the stacking. Right, but Your Honor, it's just like when you do 3553A factors, whether in applying whatever, you apply the factors and determine within its discretion as to what is extraordinary and compelling. In this case, the court did not think it to be extraordinary and compelling, this lengthy sentence. I thought the 3553 are part of the extraordinary analysis? No, it is not. It is separate, but I'm just saying as an example. Well, that's a bad example, because that's wrong. Right, anyway. But what I'm saying is, in this case, what the court has the discretion what to determine is extraordinary and compelling. And in this case, it considered that the stacking was not, in itself, sufficient enough, and it norms the disparity with the sentencing. But counsel, I think part of the problem is we can't really tell what the court considered. And when I just look at the order, it's just the text order. Right. I think this is all we have, but tell me if we have something else. And I think the text order, I can read it. It says, having reviewed the Court of Appeals judgment in this case, its opinion in Rubalcaba, and the party's well-thought-out and thorough filings, the court again denies Defendant Cruz Rivera's motion for compassionate release. That's it. There's nothing else. So we don't know if the judge denied at the 3553 factors, or for some other reason. We just can't tell. Can we from that? I mean, we could infer that the district court relied on your brief, but we don't know what part of your brief the district court made the decision on. I think both. Under both, either one of them. That's one possible interpretation, but we just don't know, do we? In this case, as held in Jiménez Beltré, and even Chávez, and other cases that were based on what the parties argued, it can construe it in the favor of that party. To do that, that's why I take it your answer was, for purposes of this appeal, we have to assume the district court denied it at the extraordinary circumstance phase. It wouldn't be very fair to the defendant on this record to assume, no, he thought it was an extraordinary circumstance, but just denied it as a matter of discretion, right? Well, I think it would... You argued both were problems. We argued both. The district court just says deny. Right. How can we very well say, well, I think it must have been saying that there was an extraordinary circumstance, but as a matter of discretion, I'll deny it. We couldn't do that. Well, I think I respectfully disagree. How could we? Come on. Because in this case, the party had argued both, 35% for defectors and not, and here the court went along with the government in this case regarding... But you argued it failed at each step. Right. Well, if it wasn't one part under extraordinary and compelling, then... But we don't know which part. We don't know which one. We don't know which one. That's all. But that doesn't mean you lose. You still think that they got it right on the extraordinary circumstance, but that's why I think we, for purposes of how the record comes to us, I think the defendant's entitled to say, you have to take the case on the assumption that it relied on the government's argument that I never get to the discretionary step because there was no extraordinary circumstance. That was the government's position. Well, I think under that one, still, the government would still win. Right, but that just takes us to this point where you keep saying, which I think is correct under Ruba Calva, that the fact of the change in the stacking rule in itself is not an extraordinary circumstance. Correct. But the length of the effect of that non-retroactive change might be, and it's not clear that you seem to think, you as the government, that the thing that has to be considered is not just the length, but I guess everything under 3553. Well, I say, it says under there, circumstances of the defendant in Ruba Calva. Circumstances of the defendant's case. And in this case, looking at the factors that the government argued why it wasn't extraordinary and compelling because of the nature of what had happened. Right, but it wouldn't be legal error if the district court had said, I'm looking at this case, and what's important about this case, what's extraordinary, is how long the effect of the non-retroactive legal change would be. And I don't see anything in Ruba Calva that says that that would be an error if a district court did that. Well, I agree with you on that point, Your Honor. Okay, well then the problem is, your brief, understandably that wasn't your position, didn't make that clear, so we have to take the district court as having relied on that argument, then why wouldn't we vacate? I still think because what we had argued in this case that sufficiently addressed it, I think the court did take the length of the sentence because he was advised of 78 years, everything else that he knew, he wanted half a reduction. So he already understood what the defendant wanted, and based on that, I think it understood even though the length of the sentence, it was very lengthy in the long run, it understood that no, I still think this is a proper sentence, and it wasn't extraordinary and compelling. Thank you. Anyway, if I may, I want to say thank you, this is probably my last argument because 36 years of service for the government, 28 actually in front of the panel, I retire tomorrow. Congratulations. Thank you. Thank you very much for your service. We appreciate it.